09-1182-cr
United States v. Garcia

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand ten.

PRESENT:   REENA RAGGI,
           PETER W. HALL,
                  *Circuit Judges*,
           GREGORY W. CARMAN,[*]
                  *Judge*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

               *Appellee*,

       v.                       No. 09-1182-cr

JORGE GARCIA,

               *Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLANT:          Howard M. Simms, New York, New York.

FOR APPELLEE:           Marissa Mole, Daniel A. Braun, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

[*] Judge Gregory W. Carman of the United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on January 22, 2008, is AFFIRMED.

Defendant Jorge Garcia was convicted, following a guilty plea, of conducting and conspiring to conduct the affairs of an enterprise through a pattern of racketeering activity – which included distribution of narcotics, armed robbery, attempted murder, felony murder and murder – in violation of 18 U.S.C. § 1962(c) and (d). Originally sentenced to 292 months' imprisonment, Garcia now appeals from a decision of the district court declining to resentence him following our remand pursuant to United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). We review for "reasonableness" a district court's decision not to alter a sentence following a Crosby remand. See United States v. Williams, 475 F.3d 468, 474 (2d Cir. 2007). "Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006); see also Gall v. United States, 552 U.S. 38, 51 (2007). In applying these principles to this appeal, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Garcia's only argument on appeal is that, in determining that resentencing was not warranted, the district court failed to give proper consideration to the sentencing factors outlined in 18 U.S.C. § 3553(a). The record does not support this argument.

In imposing its original sentence of 292 months' imprisonment, the district court explained that because Garcia was not a direct participant in the predicate murder of retired police detective Donald Pagani, it would impose a sentence at the bottom of the Guidelines range. It would not, however, grant a downward departure because Garcia "was fully prepared to participate in the robbery" in which Pagani was killed; Garcia "knew the gang had weapons and would not hesitate to use them"; he "helped himself to a share of the proceeds" after the robbery; and he had a long history of participating in similarly violent robberies. Sent'g Tr. at 17; see also id. at 29. After properly interpreting its task on remand as determining whether it would have imposed this same sentence if it "w[ere] sentencing [Garcia] . . . under the 3553 factors, with the Guidelines being [advisory],"[1] Resent'g Tr. at 5, the district court rejected Garcia's invitation to answer that question in the negative in light of his lesser culpability, the reduced likelihood of recidivism given his age, see 18 U.S.C.

---

[1] Although the transcript indicates that the district court referred to the Guidelines as "being mandatory," Resent'g Tr. at 5, our review of the record satisfies us that the court understood that the Guidelines were advisory, not mandatory, and that it was precisely that change in the applicable sentencing regime that required the court to consider whether resentencing was appropriate. See, e.g., id. at 2 ("[W]e're here to consider whether, pursuant to Booker and Crosby, I should resentence Mr. Garcia. The only ground for doing that in those cases is if I believe that I was mandated to impose a certain sentence of the Guidelines, and, had I not been mandated to do it, would I have done something different.").

3

§ 3553(a)(2)(C), and the need to avoid unwarranted sentencing disparities among similarly-situated defendants, see id. § 3553(a)(6).  Noting that the racketeering conduct punished by its initial sentence extended beyond the Pagani murder to include a host of violent robberies, and that it could have departed from the Guidelines at the time it imposed sentence, but chose not to do so, the district court explained that "putting aside the murder, the felony murder doctrine, the Guidelines driven by 2A1.1(a) or a different level of murder, . . . it won't have mattered.  I would have sentenced [Garcia] to 25 years.  That is really what I thought was right for this guy's conduct, history and violence all around."  Resent'g Tr. at 20.

As we have observed on numerous occasions, no "specific verbal formulations," United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005), or "robotic incantations," United States v. Fernandez, 443 F.3d at 30 (internal quotation marks omitted), are required to demonstrate a district court's adequate consideration of the statutory factors relevant to sentencing.  Because the able and experienced district judge not only referenced § 3553 on remand, but also discussed – inter alia – the nature of Garcia's offense conduct and his personal characteristics and history, we easily conclude that she adequately considered the § 3553(a) factors and that her sentence was well within the broad range of reasonable sentences she had discretion to impose.  See United States v. Verkhoglyad, 516 F.3d 122, 129 (2d Cir. 2008) ("[I]n the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." (internal quotation marks omitted)).

4

We have considered Garcia's remaining arguments and conclude that they are without merit. For the foregoing reasons, the January 22, 2008 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court